**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLEN PLYLER, | ) | FILED: NOVEMBER 19, 2008 |
| | ) | 08CV6637 |
| Plaintiff, | ) | JUDGE LEINENWEBER |
| | ) | MAGISTRATE JUDGE BROWN |
| v. | ) | CH |
| | ) | No. |
| WHIRLPOOL CORPORATION, | ) | |
| BEST BUY CO., INC., and LEVITON | ) | (Cook County No. 2008 L 011322) |
| MANUFACTURING COMPANY, INC. | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**

The defendant, BEST BUY CO., INC, ("Best Buy") by its attorneys, THE HUNT LAW

GROUP, LLC, hereby gives notice that this action has been removed from the Cook County

Circuit Court, Law Division, of the State of Illinois, to the United States District Court for the

Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

and respectfully states to the Court as follows:

1.     The plaintiff filed a civil complaint, captioned *Allen Plyler v. Whirlpool*

*Corporation, Best Buy Co., Inc., and Leviton Manufacturing Company, Inc.,* on October 14,

2008. The complaint alleges that the plaintiff sustained severe injuries, both in mind and body,

from a fire, allegedly started by a defective Whirlpool microwave, which caused his "house to

burn down." (See Complaint at Law, attached hereto as Exhibit A.)

2.     Best Buy was served with the complaint on October 23, 2008. (See Summons

and Service Transmittal Form from Best Buy's Registered Agent, CT Corporation, attached

hereto as Exhibit B.)

3.     The defendant WHIRLPOOL CORPORATION expressly consents to the removal of this lawsuit from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois in writing, as set forth in the Affidavit of Michael Metzger, Senior Counsel for WHIRLPOOL CORPORATION.  (See affidavit of Michael Metzger, attached hereto as Exhibit C.)

4.     The defendant LEVITON MANUFACTURING COMPANY, INC., expressly consents to the removal of this lawsuit from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois in writing, as set forth in the Affidavit of Vincent J. Lonigro, Assistant General Counsel for LEVITON MANUFACTURING COMPANY, INC. (See affidavit of Vincent J. Lonigro, attached hereto as Exhibit D.)

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, and this action may be removed to this Court by the defendant pursuant to 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this Court is the District Court of the United States for the district and division encompassing the place where the action is pending.

6.     The plaintiff, Allen Plyler, is now and was at the time of the commencement of this lawsuit a resident and citizen of the State of Illinois, and is not a resident or citizen of the same state as any of the defendants. (See Exhibit A at ¶ 1)

7.     The plaintiff named BEST BUY CO., INC., as a defendant in this case.  BEST BUY CO., INC., is a Minnesota Corporation with is principal place of business in Richfield, Minnesota.

30193/bmc

8. Although the plaintiff named BEST BUY CO., INC., as the defendant herein, the proper entity for this lawsuit is BEST BUY STORES, L.P.

9. To determine the citizenship of a partnership, the citizenship of each of its partnership layers and/or members must be traced through to confirm that diversity exists. *See Hart v. Terminex Intern.*, 336 F.3d 541, 543 (7th Cir. 2003). Best Buy Stores, L.P., is a Virginia Limited Partnership with its principal place of business in Richfield, Minnesota.

10. Best Buy Stores, L.P., is comprised of a general partner and a limited partner. The general partner of Best Buy Stores, L.P., is BBC Property Co. BBC Property Co., is a Minnesota Corporation with its principal place of business in Richfield, Minnesota. The limited partner of Best Buy Stores, L.P. is BBC Investment Co., a Nevada Corporation with its principal place of business in Richfield, Minnesota.

11. The plaintiff named WHIRLPOOL CORPORATION as a defendant in this case. WHIRLPOOL CORPORATION is a Delaware Corporation with its principal place of business located in Benton Harbor, Michigan. (See Exhibit C at ¶ 3.)

12. The plaintiff named LEVITON MANUFACTURING COMPANY, INC., as a defendant in this case. LEVITON MANUFACTURING COMPANY, INC., is a Delaware Corporation with its principal place of business located in Little Neck, New York. (See Exhibit D at ¶ 4.)

13. Accordingly, neither BEST BUY CO., INC., Best Buy Stores LP, BBC Property Co., BBC Investment Co., WHIRLPOOL CORPORATION, nor LEVITON MANUFACTURING COMPANY, INC., is a citizen or resident of the same state as the plaintiff, and there is complete diversity between each of the defendants and the plaintiff pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(b).

14.     As previously noted, for diversity jurisdiction to exist as a proper basis of removal, the matter in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).

15.     The plaintiff's complaint includes a prayer for "an amount in excess of $50,000.00," which is the minimum jurisdictional requirement for lawsuits filed in the Law Division of the Cook County Circuit Court.  The plaintiff seeks damage, alleging that he "sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body." (See Exhibit A at ¶ 10.) The plaintiff further alleges that he "has already lost and will continue to lose substantial amounts of time at his employment," and that he "has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries." (Id.)

16.     Accordingly, the defendant states that it is in its good faith belief that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

17.     This Notice of Removal is being filed within the thirty days of the receipt of the plaintiff's complaint as prescribed by 28 U.S.C. § 1446(b).  Plaintiff's complaint was filed on October 14, 2008 and the defendant was served with a copy of the complaint on October 23, 2008.  This notice is filed on November 19, 2008, within thirty days of the date of service of plaintiff's complaint.  (See Exhibit B.)

18.     A true and accurate copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Cook County, Illinois promptly after the filing of this Notice of Removal. Written notice of the filing of this Notice of Removal and a copy of the Notice of Removal will also be provided to plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

30193/bmc

19.     Attached to this Notice of Removal are true and correct copies of all process, pleadings, and orders filed in the aforesaid action. (See <u>Exhibit E</u>.)

WHEREFORE, the defendant, BEST BUY CO., INC., hereby gives notice that the matter captioned *Allen Plyler v. Whirlpool Corporation, Best Buy Co., Inc., and Leviton Manufacturing Company, Inc,* Case No. 08 L 011322, filed in the Law Division of the Cook County Circuit Court in the State of Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

**THE DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

By:    <u>s/ Brian J. Hunt</u>
        Brian J. Hunt

Brian J. Hunt (6208379)
W. Scott Trench (6270751)
THE HUNT LAW GROUP, LLC
Attorneys for Defendants, BEST BUY CO., INC.
and BEST BUY STORES, L.P.
225 W. Washington St., 18th Floor
Chicago, Illinois 60606
312-284-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
strench@hunt-lawgroup.com

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALLEN PLYLER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| WHIRLPOOL CORPORATION, BEST | ) |
| BUY CO., INC., and LEVITON | ) |
| MANUFACTURING COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

2008L011322
CALENDAR/ROOM B
TIME 00:00
Product Liability

## COMPLAINT

**NOW COMES** Plaintiff, **ALLEN PLYLER**, by and through his attorneys, SKALETSKY AND ASSOCIATES, LTD, and for his Complaint against the Defendants, **WHIRLPOOL CORPORATION**, **BEST BUY CO. INC.**, and **LEVITON MANUFACTURING COMPANY, INC.**, states as follows:

### Count I

### Negligence: Whirlpool Corporation

1.     On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.     Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

3.     Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the business of manufacturing, selling, and distributing microwaves.

4.     Defendant knew or should have known that the aforementioned microwave was defective in nature.

1

5.    Defendant had a duty to notify purchasers of aforementioned microwaves of its defective nature.

6.    Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.    As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.    The microwave was not and had not been in operation for several hours prior to the fire. 9.    The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.    That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant WHIRLPOOL CORPORATION, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.    As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment.    Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

2

## Count II

### Products Liability, Design Defect: Whirlpool Corporation

1.   On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.   Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

3.   Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the business of manufacturing, selling, and distributing microwaves.

4.   Defendant knew or should have known that the aforementioned microwave was defective in nature.

5.   It was foreseeable to the Defendant that the risks of harm posed by the defective microwave could have been reduced or avoided by the adoption of a reasonable alternative design.

6.   The omission of the alternative design rendered the microwave not reasonably safe.

7.   Defendant was aware of the usefulness and desirability of this microwave to the public as a whole.

8.   Defendant was aware that safety aspects of a microwave were important because it is highly likely that a defective microwave would cause serious injury.

9.   Defendant had the ability to substitute the defective microwave or parts of the microwave which rendered it unsafe.

3

10. Defendant had the ability to eliminate the unsafe characteristic of the microwave without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11. Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective microwave.

12. Defendant failed to make the dangerous nature of this microwave open and obvious to the general public.

13. As a result of Defendant WHIRLPOOL CORPORATION'S manufacturing, sale and distribution of a defectively designed microwave, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

## Count III

### Negligence: Best Buy Co. Inc.

1. On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2. Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

4

3.     Defendant BEST BUY CO. INC. was in the business of selling Whirlpool microwaves.

4.     Defendant knew or should have known that the Whirlpool microwaves that it sold or was selling were defective in nature.

5.     Defendant had a duty to notify customers of the defective condition of the microwave.

6.     Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.     As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.     The microwave was not and had not been in operation for several hours prior to the fire. 26.   The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.     That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant BEST BUY CO. INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **BEST BUY CO. INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT IV

### Negligence: Levinton Manufacturing Company, Inc.

1.  On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.  Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.  Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.  Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.  Defendant had a duty to notify purchasers that the aforementioned electrical outlets were defective.

6.  Defendant breached its duty when it failed to properly recall and remove the defective electrical outlet from Plaintiff's home.

7.  As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.  The microwave was not and had not been in operation for several hours prior to the fire.

6

9.     That the aforesaid careless and negligent act/or omission of the Defendant was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.    That as a direct and proximate result of the aforesaid negligent act and/or omission of the Defendant LEVINTON MANUFACTURING COMPANY, INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.  As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment.  Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT V

**Products Liability, Design Defect:  Leviton Manufacturing Company, Inc.**

1.     On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.     Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.     Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.     Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

7

5.     It was foreseeable to the Defendant that the risks of harm posed by the defective electrical outlets could have been reduced or avoided by the adoption of a reasonable alternative design.

6.     The omission of the alternative design rendered the electrical outlet not reasonably safe.

7.     Defendant was aware of the usefulness and desirability of this product to the public as a whole.

8.     Defendant was aware that safety aspects of an electrical outlet were important because it is highly likely that a defective electrical outlet would cause serious injury.

9.     Defendant had the ability to substitute the defective electrical outlet or parts of the electrical outlet which rendered it unsafe.

10.    Defendant had the ability to eliminate the unsafe characteristic of the electrical outlet without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11.    Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective electrical outlet.

12.    Defendant failed to make the dangerous nature of this electrical outlet open and obvious to the general public.

13.    As a result of Defendant LEVINTON MANUFACTURING COMPANY, INC.'S manufacturing and sale of defectively designed electrical outlets, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has, and will expend and become liable for large

8

sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT VI

**Products Liability, Manufacturing Defect: Leviton Manufacturing Company, Inc.**

1.   On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.   Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.   Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.   Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.   The electrical outlet manufactured by Defendant LEVINTON MANUFACTURING COMPANY INC. and installed in Plaintiff's home was defective in nature because it departed from its intended design.

6.   As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

7.   The microwave was not and had not been in operation for several hours prior to the fire.

8.    That the aforesaid defective nature of the electrical outlet was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.    That as a direct and proximate result of the aforesaid defect of the Defendant's product, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.  As a result, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

SKALETSKY & ASSOCIATES, LTD.

SKALETSKY & ASSOCIATES, LTD.
180 N. Wacker Drive, Suite 203
Chicago, IL 60606
(312) 704-4242
Atty. No. 11021

10

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
10/23/2008
CT Log Number 514006814

**TO:** Christine Fox
Best Buy Enterprise Services, Inc.
7601 Penn Avenue South
Richfield, MN 55423

**RE:** Process Served in Illinois

**FOR:** Best Buy Co., Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allen Plyler, Pltf. vs. Whirlpool Corporation, et al. including Best Buy Co., Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons(2 Sets), Service List(2 Sets), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL
Case # 2008L011322 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Fire was created within the microwave and in the wall outlet, causing plaintiff's house to burn down |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/23/2008 at 09:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott Skaletsky
180 North Wacker Drive
Suite 203
Chicago, IL 60606
312-704-4242 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790119586501
Image SOP
Email Notification, Christine Fox commerciallitigation@bestbuy.com |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Tawana Carter
208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. 2008L011322
CALENDAR/ROOM B
TIME 00:00
Product Liability

ALLEN PLYLER

(Name all parties)

v.

WHIRLPOOL CORPORATION, BEST BUY CO., INC., & LEVITON MANUFACTURING COMPANY, INC.,

PLEASE SEE ATTACHED
SERVICE LIST

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11021

Name: SCOTT SKALETSKY

Atty. for: PLAINTIFF, ALLEN PLYLER

Address: 180 NORTH WACKER DRIVE, SUITE 203

City/State/Zip: CHICAGO, IL 60606

Telephone: (312) 704-4242

WITNESS, _____OCT 14 2008_____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## SERVICE LIST

ILLINOIS CORPORATION SERVICE C
WHIRLPOOL CORPORATION
801 Adlai Stevenson Drive
Springfield, IL 62703

C T CORPORATION SYSTEM
BEST BUY CO., INC.
208 South La Salle Street
Suite 814
Chicago, IL 60604

C T CORPORATION SYSTEM
LEVITON MANUFACTURINIG CO., INC.
208 South La Salle Street
Suite 814
Chicago, IL 60604

# EXHIBIT C

## AFFIDAVIT OF MICHAEL METZGER

County of Berrien
State of Michigan

BEFORE ME, the undersigned authority, on this day personally appeared MICHAEL METZGER, known to me to be the person whose name is subscribed to the following instrument and having been by me duly sworn, upon his oath, deposes and states the following:

1.

My name is Michael Metzger and I am Senior Counsel for Whirlpool Corporation ("Whirlpool"). I am over the age of 21 years and I am competent to give this Affidavit on the basis of my personal knowledge for use as described herein.

2.

Whirlpool has been named in a lawsuit in the Circuit Court for Cook County, State of Illinois styled "Allen Plyler, Plaintiff vs. Whirlpool Corporation, Best Buy Co., Inc. and Leviton Manufacturing Company, Inc.," Civil Action No. 20081011322 (the "State Court Action").

236624v.1

3.

Whirlpool is a Delaware Corporation with its principal place of business located in Benton Harbor, Michigan.

4.

I am authorized to state that Whirlpool consents to removal of the State Court Action to the United States District Court for Northern District of Illinois.

I declare under penalty of perjury that the forgoing facts are true and correct, this 4th day of November, 2008.

*Michael Metzger*

**MICHAEL METZGER**

Sworn to and Subscribed before
me on this _4th_ day
of _November_, 2008.

*Kathleen Paus*

NOTARY PUBLIC
My Commission Expires: _oct 7, 2012_



KATHLEEN M PAUSTIAN
Notary Public - Michigan
Berrien County
My Commission Expires Oct 7, 2012
Acting in the County of _Berrien_

236624v.1

# EXHIBIT D

## AFFIDAVIT OF VINCENT J. LONIGRO

County of Queens
State of New York

      BEFORE ME, the undersigned authority, on this day personally appeared

VINCENT J. LONIGRO, known to me to be the person whose name is subscribed to the

following instrument and having been by me duly sworn, upon his oath, deposes and

states the following:


      My name is Vincent J. LoNigro and I am Assistant General Counsel for Leviton

Manufacturing Company, Inc. ("Leviton"). I am over the age of 21 years and I am

competent to give this Affidavit on the basis of my personal knowledge for use as

described herein.


      Leviton has been named in a lawsuit in the Circuit Court for Cook County, State

of Illinois styled "Allen Plyler, Plaintiff vs. Whirlpool Corporation, Best Buy Co., Inc.

and Leviton Manufacturing Company, Inc.," Civil Action No. 20081011322 (the "State

Court Action").


      Leviton is a Delaware Corporation with its principal place of business located in

Little Neck, New York.


      I am authorized to state that Leviton consents to removal of the State Court

Action to the United States District Court for Northern District of Illinois.

I declare under penalty of perjury that the forgoing facts are true and correct, this

13ᵗʰ day of November, 2008.

VINCENT J. LONIGRO

Sworn to and Subscribed before
me on this 13ᵗʰ day
of November, 2008

NOTARY PUBLIC
My Commission Expires: 11-23-20 10

GRACE P LORENTO
Notary Public - State of New York
NO. 01LO5004807
Qualified in Queens County
My Commission Expires 11-23-2010

# EXHIBIT E

(Rev. 6/18/01) CCG 0011

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

08-L-011322 B PLYLER ALLEN

-V- WHIRLPOOL CORPORATION
-V- BEST BUY CO INC
-V- LEVITON MANUFACTURING

**STATE OF ILLINOIS** } ss:
**COUNTY OF COOK**

I, DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IN AND FOR THE STATE OF ILLINOIS, AND THE KEEPER OF THE RECORDS, FILES, AND SEAL THEREOF, DO HEREBY CERTIFY THE ABOVE AND FOREGOING TO BE PHOTOCOPIES OF DOCUMENTS AS THEY APPEAR IN THE COURT FILE IN A CERTAIN CAUSE NOW PENDING IN SAID COURT.

BETWEEN

AND

IN WITNESS WHEREOF, I HAVE SET MY HAND, AND AFFIXED THE SEAL OF THE COURT IN SAID COUNTY THIS ___NOV 1 7 2008___ DAY OF

_____, _____



DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALLEN PLYLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| WHIRLPOOL CORPORATION, BEST | ) |
| BUY CO., INC., and LEVITON | ) |
| MANUFACTURING COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

2008L011322
CALENDAR/ROOM B
TIME 00:00
Product Liability

### COMPLAINT

**NOW COMES** Plaintiff, **ALLEN PLYLER**, by and through his attorneys,

SKALETSKY AND ASSOCIATES, LTD, and for his Complaint against the Defendants,

**WHIRLPOOL CORPORATION, BEST BUY CO. INC.,** and **LEVITON**

**MANUFACTURING COMPANY, INC.,** states as follows:

### Count I

### Negligence: Whirlpool Corporation

1.      On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E.

Lowden Ave., Wheaton, IL 60187.

2.      Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was

installed at Plaintiff's house prior to October 11, 2006.

3.      Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the

business of manufacturing, selling, and distributing microwaves.

4.      Defendant knew or should have known that the aforementioned microwave was

defective in nature.

1

5.   Defendant had a duty to notify purchasers of aforementioned microwaves of its defective nature.

6.   Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.   As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.   The microwave was not and had not been in operation for several hours prior to the fire. 9.   The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.   That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant WHIRLPOOL CORPORATION, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.   As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment.   Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

2

<u>**Count II**</u>

**Products Liability, Design Defect: Whirlpool Corporation**

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

3.    Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the business of manufacturing, selling, and distributing microwaves.

4.    Defendant knew or should have known that the aforementioned microwave was defective in nature.

5.    It was foreseeable to the Defendant that the risks of harm posed by the defective microwave could have been reduced or avoided by the adoption of a reasonable alternative design.

6.    The omission of the alternative design rendered the microwave not reasonably safe.

7.    Defendant was aware of the usefulness and desirability of this microwave to the public as a whole.

8.    Defendant was aware that safety aspects of a microwave were important because it is highly likely that a defective microwave would cause serious injury.

9.    Defendant had the ability to substitute the defective microwave or parts of the microwave which rendered it unsafe.

10.    Defendant had the ability to eliminate the unsafe characteristic of the microwave without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11.    Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective microwave.

12.    Defendant failed to make the dangerous nature of this microwave open and obvious to the general public.

13.    As a result of Defendant WHIRLPOOL CORPORATION'S manufacturing, sale and distribution of a defectively designed microwave, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

<u>**Count III**</u>

**Negligence: Best Buy Co. Inc.**

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

4

3.    Defendant BEST BUY CO. INC. was in the business of selling Whirlpool microwaves.

4.    Defendant knew or should have known that the Whirlpool microwaves that it sold or was selling were defective in nature.

5.    Defendant had a duty to notify customers of the defective condition of the microwave.

6.    Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.    As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.    The microwave was not and had not been in operation for several hours prior to the fire. 26.    The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.    That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant BEST BUY CO. INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **BEST BUY CO. INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT IV

### Negligence: Levinton Manufacturing Company, Inc.

1.   On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.   Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.   Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.   Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.   Defendant had a duty to notify purchasers that the aforementioned electrical outlets were defective.

6.   Defendant breached its duty when it failed to properly recall and remove the defective electrical outlet from Plaintiff's home.

7.   As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.   The microwave was not and had not been in operation for several hours prior to the fire.

6

9.    That the aforesaid careless and negligent act/or omission of the Defendant was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.    That as a direct and proximate result of the aforesaid negligent act and/or omission of the Defendant LEVINTON MANUFACTURING COMPANY, INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT V

### Products Liability, Design Defect: Leviton Manufacturing Company, Inc.

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.    Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.    Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

7

5.    It was foreseeable to the Defendant that the risks of harm posed by the defective electrical outlets could have been reduced or avoided by the adoption of a reasonable alternative design.

6.    The omission of the alternative design rendered the electrical outlet not reasonably safe.

7.    Defendant was aware of the usefulness and desirability of this product to the public as a whole.

8.    Defendant was aware that safety aspects of an electrical outlet were important because it is highly likely that a defective electrical outlet would cause serious injury.

9.    Defendant had the ability to substitute the defective electrical outlet or parts of the electrical outlet which rendered it unsafe.

10.    Defendant had the ability to eliminate the unsafe characteristic of the electrical outlet without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11.    Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective electrical outlet.

12.    Defendant failed to make the dangerous nature of this electrical outlet open and obvious to the general public.

13.    As a result of Defendant LEVINTON MANUFACTURING COMPANY, INC.'S manufacturing and sale of defectively designed electrical outlets, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has, and will expend and become liable for large

sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT VI

**Products Liability, Manufacturing Defect: Leviton Manufacturing Company, Inc.**

1.     On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.     Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.     Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.     Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.     The electrical outlet manufactured by Defendant LEVINTON MANUFACTURING COMPANY INC. and installed in Plaintiff's home was defective in nature because it departed from its intended design.

6.     As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

7.     The microwave was not and had not been in operation for several hours prior to the fire.

9

8.    That the aforesaid defective nature of the electrical outlet was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.    That as a direct and proximate result of the aforesaid defect of the Defendant's product, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

SKALETSKY & ASSOCIATES, LTD.

SKALETSKY & ASSOCIATES, LTD.
180 N. Wacker Drive, Suite 203
Chicago, IL 60606
(312) 704-4242
Atty. No. 11021

10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLEN PLYLER

v.                                              }          No.     2008L011322
                                                                   CALENDAR/ROOM B
WHIRLPOOL CORPORATION, BEST BUY CO, IN C, & LEVITON MANUFACTURING COMPANY, INC      TIME 00:00
                                                                   Product Liability

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.



(FILE STAMP)

Jury Demand ☑ Yes ☐ No

## PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☑ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

## COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below**)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076 Retaliatory Discharge

## TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

## OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

By: _____
        (Attorney)                    (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ALLEN PLYLER,              )

        Plaintiff,        )

                     )

      vs.           )   Case No.:

WHIRLPOOL CORPORATION, BEST  )

BUY CO., INC., and LEVITON     )

MANUFACTURING COMPANY, INC.,  )

      Defendants.     )

Case No.:

2008L011322
CALENDAR/ROOM B
TIME 00:00
Product Liability

FILED-2

2008 OCT 14 AM 9:05

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### COMPLAINT

NOW COMES Plaintiff, **ALLEN PLYLER**, by and through his attorneys, SKALETSKY AND ASSOCIATES, LTD, and for his Complaint against the Defendants, **WHIRLPOOL CORPORATION, BEST BUY CO. INC., and LEVITON MANUFACTURING COMPANY, INC.**, states as follows:

### Count I

### Negligence: Whirlpool Corporation

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

3.    Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the business of manufacturing, selling, and distributing microwaves.

4.    Defendant knew or should have known that the aforementioned microwave was defective in nature.

1

5.   ·Defendant had a duty to notify purchasers of aforementioned microwaves of its defective nature.

6.   Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.   As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.   The microwave was not and had not been in operation for several hours prior to the fire. 9.   The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.   That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant WHIRLPOOL CORPORATION, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.   As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment.   Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

2

## Count II

### Products Liability, Design Defect: Whirlpool Corporation

1.  On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.  Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

3.  Defendant WHIRLPOOL CORPORATION was, at aforementioned date, in the business of manufacturing, selling, and distributing microwaves.

4.  Defendant knew or should have known that the aforementioned microwave was defective in nature.

5.  It was foreseeable to the Defendant that the risks of harm posed by the defective microwave could have been reduced or avoided by the adoption of a reasonable alternative design.

6.  The omission of the alternative design rendered the microwave not reasonably safe.

7.  Defendant was aware of the usefulness and desirability of this microwave to the public as a whole.

8.  Defendant was aware that safety aspects of a microwave were important because it is highly likely that a defective microwave would cause serious injury.

9.  Defendant had the ability to substitute the defective microwave or parts of the microwave which rendered it unsafe.

3

10. ·Defendant had the ability to eliminate the unsafe characteristic of the microwave without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11. Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective microwave.

12. Defendant failed to make the dangerous nature of this microwave open and obvious to the general public.

13. As a result of Defendant WHIRLPOOL CORPORATION'S manufacturing, sale and distribution of a defectively designed microwave, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **WHIRLPOOL CORPORATION** for an amount in excess of $50,000.00, plus his costs of suit.

### Count III

### Negligence: Best Buy Co. Inc.

1. On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2. Defendant WHIRLPOOL CORPORATION'S defective Whirlpool microwave was installed at Plaintiff's house prior to October 11, 2006.

4

3.    Defendant BEST BUY CO. INC. was in the business of selling Whirlpool microwaves.

4.    Defendant knew or should have known that the Whirlpool microwaves that it sold or was selling were defective in nature.

5.    Defendant had a duty to notify customers of the defective condition of the microwave.

6.    Defendant breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home.

7.    As a result, at or around 5 AM on aforementioned date and address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.    The microwave was not and had not been in operation for several hours prior to the fire. 26.    The careless and negligent act/or omission by the Defendant was the proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.    That as a direct and proximate result of the aforesaid negligent act and/or omission by the Defendant BEST BUY CO. INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment. Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **BEST BUY CO. INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT IV

### Negligence: Levinton Manufacturing Company, Inc.

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.    Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.    Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.    Defendant had a duty to notify purchasers that the aforementioned electrical outlets were defective.

6.    Defendant breached its duty when it failed to properly recall and remove the defective electrical outlet from Plaintiff's home.

7.    As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

8.    The microwave was not and had not been in operation for several hours prior to the fire.

6

9.   That the aforesaid careless and negligent act/or omission of the Defendant was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

10.   That as a direct and proximate result of the aforesaid negligent act and/or omission of the Defendant LEVINTON MANUFACTURING COMPANY, INC., Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.  As a result, Plaintiff has already lost and will continue to lose substantial amounts of time at his employment.  Further, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT V

**Products Liability, Design Defect:  Leviton Manufacturing Company, Inc.**

1.   On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.   Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.   Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.   Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

7

5.    It was foreseeable to the Defendant that the risks of harm posed by the defective electrical outlets could have been reduced or avoided by the adoption of a reasonable alternative design.

6.    The omission of the alternative design rendered the electrical outlet not reasonably safe.

7.    Defendant was aware of the usefulness and desirability of this product to the public as a whole.

8.    Defendant was aware that safety aspects of an electrical outlet were important because it is highly likely that a defective electrical outlet would cause serious injury.

9.    Defendant had the ability to substitute the defective electrical outlet or parts of the electrical outlet which rendered it unsafe.

10.    Defendant had the ability to eliminate the unsafe characteristic of the electrical outlet without impairing its usefulness or making it too expensive to maintain its utility by providing a reasonable alternative design.

11.    Defendant was aware that a reasonable person would be unable to avoid the danger posed by the existence of the defective electrical outlet.

12.    Defendant failed to make the dangerous nature of this electrical outlet open and obvious to the general public.

13.    As a result of Defendant LEVINTON MANUFACTURING COMPANY, INC.'S manufacturing and sale of defectively designed electrical outlets, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body. As a result, Plaintiff has, and will expend and become liable for large

8

sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

## COUNT VI

**Products Liability, Manufacturing Defect: Leviton Manufacturing Company, Inc.**

1.    On or about October 11, 2006, ALLEN PLYLER was a residing at 1018 E. Lowden Ave., Wheaton, IL 60187.

2.    Defendant LEVINTON MANUFACTURING COMPANY, INC. was, at aforementioned date, in the business of manufacturing of electrical outlets.

3.    Defendant LEVINTON MANUFACTURING COMPANY, INC.'s defective electrical outlet was installed at Plaintiff's residence prior to October 11, 2006.

4.    Defendant knew or should have known that the aforementioned electrical outlet was defective in nature.

5.    The electrical outlet manufactured by Defendant LEVINTON MANUFACTURING COMPANY INC. and installed in Plaintiff's home was defective in nature because it departed from its intended design.

6.    As a result, at or around 5 AM on aforementioned date at the aforementioned address, a fire was created within the microwave and in the wall outlet, causing Plaintiff's house to burn down.

7.    The microwave was not and had not been in operation for several hours prior to the fire.

9

8.     That the aforesaid defective nature of the electrical outlet was a proximate cause of the fire and Plaintiff's personal injuries hereinafter mentioned.

9.     That as a direct and proximate result of the aforesaid defect of the Defendant's product, Plaintiff then and there sustained severe injuries and will continue to suffer great pain and anguish, both in mind and body.  As a result, Plaintiff has, and will expend and become liable for large sums of money for medical and other professional help in attempting to become cured of his injuries.

WHEREFORE Plaintiff **ALLEN PLYLER** asks this court to enter judgment in his favor and against Defendant, **LEVINTON MANUFACTURING COMPANY, INC.** for an amount in excess of $50,000.00, plus his costs of suit.

SKALETSKY & ASSOCIATES, LTD.

SKALETSKY & ASSOCIATES, LTD.
180 N. Wacker Drive, Suite 203
Chicago, IL 60606
(312) 704-4242
Atty. No. 11021

10

2120 - Served
2220 - Not Served     2121 - Not Served
2320 - Served By Mail     2221 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
SUMMONS     ALIAS - SUMMONS

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. 2008L011322

CALENDAR/ROOM B
TIME 00:00
Product Liability
PLEASE SEE ATTACHED
SERVICE LIST

ALLEN PLYLER

(Name all parties)

v.

WHIRLPOOL CORPORATION, BEST BUY CO., INC., & LEVITON MANUFACTURING COMPANY, INC.,

000009-1.4.1 10/14/08 09:01
REF CASE  # 08L 011322
  1 LAW                    50.00
  1 LAW                    50.00
  1 MILEAGE                10.00
REF SHERIFF # 147826

CHECK I              110.00
CASHIER: PAULA

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11021

Name: SCOTT SKALETSKY

Atty. for: PLAINTIFF, ALLEN PLYLER

Address: 180 NORTH WACKER DRIVE, SUITE 203

City/State/Zip: CHICAGO, IL 60606

Telephone: (312) 704-4242

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

ILLINOIS CORPORATION SERVICE C
WHIRLPOOL CORPORATION
801 Adlai Stevenson Drive
Springfield, IL 62703


C T CORPORATION SYSTEM
BEST BUY CO., INC.
208 South La Salle Street
Suite 814
Chicago, IL 60604


C T CORPORATION SYSTEM
LEVITON MANUFACTURINIG CO., INC.
208 South La Salle Street
Suite 814
Chicago, IL 60604

SHERIFF'S NUMBER 147826-001L CASE NUMBER 08L011322    DEPUTY:

FILED DT 10-14-2008 RECEIVED DT 10-14-2008 DIE DT 10-31-2008 MULTIPLE SERVICE   2
    DEFENDANT                           ATTORNEY
BEST BUY CO, INC.                       SCOTT SKALETSKY
208 S LA SALLE ST                       X
CHICAGO IL. 60604                       X XX. 00000
STE 814                                 312 704-4242
PLAINTIFF ALLEN PLYLER

SERVICE INFORMATION: DD   C/O CT CORP SYSTEMS

*************************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME _____
.....3 SERVICE ON:  CORPORATION ✓ COMPANY___ BUSINESS___ PARTNERSHIP___
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY 10104

    1  SEX  M/F   RACE W   AGE 60
    2  NAME OF DEFENDANT BEST BUY CO, INC.
       WRIT SERVED ON __Do Schulz__
    THIS 23 DAY OF Oct, 20 08 TIME 10:30 A.M.P.M.

    ADDITIONAL REMARKS _____

*************************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED.  OFC

    TYPE OF BLDG _____        ATTEMPTED SERVICES

NEIGHBORS NAME _____        DATE    TIME  A.M./P.M.

    ADDRESS _____           _____  __:__ ___

    REASON NOT SERVED:                _____  __:__ ___
              07 EMPLOYER REFUSAL
_01 MOVED     08 RETURNED BY ATTY     _____  __:__ ___
_02 NO CONTACT 09 DECEASED
_03 EMPTY LOT  10 BLDG DEMOLISHED     _____  __:__ ___
_04 NOT LISTED 11 NO REGISTERED AGT.
_05 WRONG ADDRESS 12 OTHER REASONS    _____  __:__ ___
_06 NO SUCH ADDRESS 13 OUT OF COUNTY
                                      _____  __:__ ___

FEE  .00  MILEAGE  .00  TOTAL  .00            SG22

SHERIFF'S NUMBER 147826-002L CASE NUMBER 08L011322    DEPUTY: _____ STROW 10104

FILED DT 10-14-2008 RECEIVED DT 10-14-2008 DIE DT 10-31-2008 MULTIPLE SERVICE    2
  DEFENDANT                                      ATTORNEY
LEVITON MANUFACTURING CO, INC.                   SCOTT SKALESTSKY
208 S LA SALLE ST                                X
CHICAGO IL. 60604                                X XX. 00000
STE 814                                          312 704-4242
PLAINTIFF ALLEN PLYLER

SERVICE INFORMATION: DD  C/O CT CORP SYSTEM

*************************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20 ___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
..X..3 SERVICE ON:  CORPORATION X COMPANY _____ BUSINESS _____ PARTNERSHIP _____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL

(B)  THOMAS J. DART, SHERIFF, BY: _____ , DEPUTY  10104

   1 SEX  M/F  RACE  W  AGE  60
   2 NAME OF DEFENDANT LEVITON MANUFACTURING CO, INC.
       WRIT SERVED ON  Dosetholy
   THIS 23 DAY OF Oct , 20 08 TIME 10:30 A.M. P.M.

   ADDITIONAL REMARKS _____

*************************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED.

   TYPE OF BLDG _____          ATTEMPTED SERVICES

   NEIGHBORS NAME _____        DATE      TIME  A.M./P.M.

       ADDRESS _____     _____  ____:____

       REASON NOT SERVED:                  _____  ____:____
                    __ 07 EMPLOYER REFUSAL  _____  ____:____
   __ 01 MOVED      __ 08 RETURNED BY ATTY  _____  ____:____
   __ 02 NO CONTACT __ 09 DECEASED          _____  ____:____
   __ 03 EMPTY LOT  __ 10 BLDG DEMOLISHED   _____  ____:____
   __ 04 NOT LISTED __ 11 NO REGISTERED AGT._____  ____:____
   __ 05 WRONG ADDRESS __ 12 OTHER REASONS  _____  ____:____
   __ 06 NO SUCH ADDRESS __ 13 OUT OF COUNTY _____  ____:____

FEE  .00  MILEAGE  .00  TOTAL  .00                        SG22