**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLEN PLYLER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 08 C 6637** |
| **v.** | ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **WHIRLPOOL CORPORATION,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are nine motions in limine filed by plaintiff Allen Plyler ("Plyler"). [Dkt 108-116.] Defendant Whirlpool Corporation ("Whirlpool") has filed opposition briefs to eight of Plyler's motions. [Dkt 119-126.] The motions are ruled upon as follows.

**BACKGROUND**

On October 11, 2006, a fire broke out in Plyler's Wheaton, Illinois home, causing the house to burn to the ground. In his complaint, Plyler states that he suffered physical and emotional injuries as a result of the fire which allegedly began inside a defective microwave manufactured by Whirlpool. (Am. Compl., Count I ¶¶ 12-14, Count II ¶¶ 16-18.) [Dkt 25.] Plyler claims that Whirlpool was negligent in failing to notify him of the microwave defect and in failing to recall and remove the microwave from his home. (*Id*., Count I ¶¶ 1-14.) Plyler further alleges that the danger from the defect was both avoidable and foreseeable such that Whirlpool is subject to products liability for a design defect. (*Id*., Count II ¶¶ 1-18.) Whirlpool denies each of Plyler's claims. (Answer, Count I ¶¶ 1-14, Count II ¶¶ 1-18.) [Dkt 28.] A jury trial is set to begin on March 12, 2012.

1

(Order, Nov. 30, 2011.) [Dkt 85.]

# DISCUSSION

Generally, "[m]otions in limine are disfavored." *Mi-Jack Prods. v. Intl. Union of Operating Engrs., Local 150*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995) (Conlon, J.). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id*. Rather, rulings on evidence "ordinarily should be deferred until trial," when they may be resolved in the proper context. *Id*. The movant bears the burden of showing that the evidence that it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Branch & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Denial of a motion in limine is *not* a ruling that the material subject to the motion is necessarily admissible. Rather, it means only that "outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Id*. at 69.

A.     <u>Motion in Limine to Prevent Defendant from Proffering Inconsistent Evidence at Trial (Motion in Limine No. 1)</u>

This case, originally filed by Plyler in the Circuit Court of Cook County, Illinois, was removed to federal court on November 19, 2008, by former defendant Best Buy Company, Inc. ("Best Buy"). (Def.'s Not. Removal at 1.) [Dkt 1.][1] Whirlpool consented to Best Buy's Notice of Removal, which claimed diversity jurisdiction and stated in relevant part that "the matter in

---

[1]  Best Buy has since settled with Plyler and was dismissed from the case on February 2, 2010. (*See* Order, Feb. 2, 2010) [Dkt 57.]

2

controversy exceeds the sum of $75,000 exclusive of interests and costs[.]" (*Id.* ¶ 5.)[2] In Plyler's first motion in limine, he asks the court to treat this jurisdictional statement as an admission of the value of Plyler's claim and to preclude Whirlpool from eliciting testimony or presenting evidence that Plyler's damages are less than the jurisdictional limit of $75,000. [Dkt 108.][3]

However, as Whirlpool correctly points out in its response brief, a defendant's statement in a Notice of Removal concerning the amount in controversy does not constitute a judicial admission to plaintiff's ultimate damage entitlement. To find otherwise "would result in a minimum recovery of $75,000 in every removal action because removing defendants would be judicially estopped by their assertions that the amount in controversy exceeds $75,000." *Mechler v. John Hancock Life Ins. Co.*, No. 07 C 0724-CB-M, 2008 WL 4493230 at *6 (S.D. Ala. Sept. 30, 2008). The "amount in controversy" in a given action is nothing more than the good faith "damages claimed or relief demanded by the injured party in a lawsuit." *Black's Law Dictionary* (Bryan A. Garner ed., 9th ed., West 2009); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (holding that the amount in controversy is generally decided from the complaint itself). A defendant removing an action to federal court must merely demonstrate that the legal value of a plaintiff's *demand* exceeds $75,000. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006); *see also Normand*

---

[2] Pursuant to 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction over all civil actions between citizens of different states so long as the matter in controversy exceeds $75,000, exclusive of interest and costs.

[3] To support his position, Plyler cites *Casares v. Bernal*, No. 08 C 4198, 2011 WL 1988788 (N.D. Ill. May 20, 2011), a case that considered whether plaintiffs were collaterally estopped from presenting evidence in a civil trial that conflicted with findings of fact underlying their related criminal convictions. As nothing in *Casares* relates to the relevant issue of whether removing a case to federal court based on diversity binds a defendant to paying at least $75,000 in damages, *Casares* has no bearing on the proper resolution of this motion.

3

*v. Orkin Exterminating Co., Inc.*, 193 F.3d 908, 910 (7th Cir. 1999) (stating that a removing defendant must demonstrate "that the suit might result in a judgment in excess of" the jurisdictional limit). As such, Whirlpool's consent to removal of the action is simply an acknowledgment that *if* Plyler prevails he *may* be legally entitled to over $75,000 in damages, not an admission of the value of Plyler's claim.

Ultimately, the amount in controversy is a jurisdictional requirement, not a liability or damages determination. The Notice of Removal does not preclude Whirlpool from arguing that Plyler is entitled to less than $75,000. Plaintiffs Motion in Limine No. 1 is denied.

B.    Motion in Limine to Exclude Evidence that the Microwave was on Self-Cleaning Mode
      (Motion in Limine No. 2)

In Motion in Limine No. 2, Plyler asks the court to exclude evidence that, at and prior to the time of the fire, Plyler's microwave was set on self-cleaning mode. [Dkt 109.] Plyler claims that the evidence in support of that proposition is unduly speculative because Whirlpool has not run any tests on the subject microwave. Further, Plyler argues that the evidence constitutes inadmissible hearsay because there is no current plan by either party to call Kathleen Stuckey ("Ms. Stuckey"), the only source of this information, as a witness at trial. (*Id*. at 1.)

For its part, Whirlpool states that it does not intend to offer any evidence that the microwave was set on self-cleaning mode at the time of the fire. (Def.'s Resp. Mot. Limine No. 2 at 1.) [Dkt 120.] In fact, Whirlpool states that the microwave does not even have a self-cleaning feature. (*Id*.) Thus, because Whirlpool has no intention of introducing the evidence that Plyler asks the court to

exclude, Motion in Limine No. 2 is denied as moot.[4]

C.    Motion in Limine Regarding Other Parties Sued
       (Motion in Limine No. 3)

Plyler next seeks to prevent Whirlpool from offering evidence concerning previously named

defendants in the lawsuit that have settled with Plyler and been dismissed from the case, namely Best

Buy and Leviton Manufacturing Company, Inc. ("Leviton"). [Dkt 110.] Plyler argues that the fact

that he has pursued other defendants is not relevant to the products liability and negligence claims

at issue. Plyler further states that evidence regarding the prior parties is unduly prejudicial because

a jury might be convinced that one of the dismissed parties is responsible for Plyler's injuries. (*Id.*

at 1.) In response, Whirlpool argues that, while it does not intend to present evidence that Plyler

settled with Best Buy and Levitron, it *is* entitled to argue and offer evidence that a non-party is

responsible for Plyler's injury. (Def.'s Resp. Mot. Limine No. 3 at 1.) [Dkt 123.]

In order to properly assess Plyler's motion, the court must first consider the substantive

elements of Plyler's claims. A federal court sitting in diversity applies state substantive law, and in

Illinois, to establish a valid claim for negligence, "a party must demonstrate that the defendant owed

him a duty, that the defendant breached this duty, and that he suffered an injury that was proximately

caused by the defendant's breach." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir.

2009). To prevail on a claim of strict products liability, a plaintiff must prove that his injuries

---

[4] Although Whirlpool does not intend to proffer any evidence that the microwave was on self-cleaning mode prior to the fire, if Ms. Stuckey is ultimately called as a witness and she testifies that she put the microwave in cleaning mode, Whirlpool maintains that it should be allowed to argue any implications derived from that testimony. (Def.'s Resp. Mot. Limine No. 2 at 1.) Should this unlikely scenario present itself at trial, the court will address any implications of this testimony at that time.

5

resulted from an unreasonably dangerous product condition, such as a design defect, attributable to the defendant. *Malen v. MTD Products, Inc.*, 628 F.3d 296, 303 (7th Cir. 2010); *Kelso v. Bayer Corp.*, 398 F.3d 640, 642 (7th Cir. 2005). Proof of causation is essential to both negligence and products liability causes of action. *Malen*, 628 F.3d at 303.

Whirlpool has consistently denied Plyler's allegations, including causation allegations (*see* Answer, Count I ¶¶ 11-12, 14, Count II ¶¶ 16, 18), and Whirlpool is entitled to present evidence refuting the causation elements of Plyler's claims. *See Warner/Elektra/Atlantic Corp. v. Cty. of DuPage*, No. 83 C 8230, 1991 WL 32776 at *2-3 (N.D. Ill. Mar. 6, 1991); *Ready v. United/Goedecke Servs., Inc.*, 939 N.E.2d 417, 421 (Ill. 2010) (stating that an answer which denies that an injury was caused by the defendant's conduct is sufficient to permit the defendant to present evidence that the injury was the result of another cause). Both Illinois courts and federal courts sitting in diversity have held that such evidence may establish that the proximate cause of the alleged injury was not the defendant but was in fact a third entity not party to the lawsuit, including prior parties that have since settled with the plaintiff. *See e.g. Warner*, 1991 WL 32776 at *3 (collecting cases supporting the proposition that a non-settling defendant should not be precluded "from attempting to prove and/or argue that it was [the] tortfeasor who had settled with plaintiff, rather than defendant," who was the one who caused plaintiff's injury); *Ready*, 939 N.E.2d at 421-22; *Nolan v. Weil-McLain*, 910 N.E.2d 549 (Ill. 2009). Defendants, such as Whirlpool, will often argue this "empty chair" defense in the hope of convincing a jury that the settling party was exclusively responsible for the damage at issue. *See McDermott v. AmClyde*, 511 U.S. 202, 217 (1994). That is "the inevitable consequence of the empty chairs which result from settlement with co-defendants[.]" *Warner*, 1991 WL 32776 at *3.

6

As it has acknowledged, Whirlpool will not present evidence, argue, or suggest to the jury that Plyler sued other parties who have since settled. To that extent, Plyler's motion is denied as moot. To the extent the motion seeks to preclude Whirlpool from presenting evidence or arguing that it was not Whirlpool, but rather Best Buy and/or Levitron, that caused Plyler's alleged injuries, the motion is denied.

D.    Motion in Limine to Exclude Evidence that Plaintiff Performed Electrical Work
      (Motion in Limine No. 4.)

In Motion in Limine No. 4, Plyler seeks to prevent the introduction of evidence that he performed electrical work around his house or on the subject microwave prior to the fire. [Dkt 111.] Plyler states that the only source of such information is statements made by Ms. Stuckey to the Wheaton police. Because Plyler believes that neither party plans to call Ms. Stuckey as a witness, he argues that the evidence is inadmissible hearsay. (*Id*. at 1.) Further, Plyler claims that the evidence should be excluded because it "would serve only to inflame the jury against the Plaintiff" by suggesting that Plyler's own conduct led to the fire. (*Id*.)

There are a number of issues on the motion. The first is relevance, and whether, even if the evidence is relevant, it should be barred pursuant to Federal Rule of Evidence 403. Whirlpool responds that evidence that Plyler and his father installed the subject microwave and performed related work to complete the installation is relevant and admissible because it "tends to show that the cause of the fire was from some other source" rather than Whirlpool. (Def.'s Resp. Mot. Limine No. 4 at 2.) [Dkt 119.] Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Whirlpool may

argue and present evidence that Plyler's injuries were caused by factors not attributable to Whirlpool. Merely because evidence runs counter to Plyler's position does not mean that it will "inflame the jury" or cause unfair prejudice to Plyler. *See* Fed. R. Evid. 403; *U.S. v. Reese*, ___ F.3d ___, 2012 WL 130453 at *6 (7th Cir. Jan. 13, 2012) (noting that "probative evidence is always prejudicial, but the question remains whether it is unfairly so"); *Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011) (explaining that "all evidence is prejudicial"). Plyler's motion presents nothing to suggest that evidence about Plyler's electrical work will inflame the jury by "induc[ing it] to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Common*, 661 F.3d at 947 (internal citations omitted). The evidence will not be excluded on the basis of unfair prejudice at this time.

Whirlpool contends that the evidence comes from two sources, both of which should be allowed to be presented at trial. The first source is Plyler himself, who admitted during his deposition that he and his father installed the subject microwave themselves. (Def.'s Resp. Mot. Limine No. 4 at 1.) Plyler's motion does not address that evidence. The second source is the Wheaton police report stating that Ms. Stuckey, immediately upon exiting the burning home, told the police "Dammit he recently did some electrical work." (*Id.*, Ex. C at 3.) Plyler contends that Ms. Stuckey's statements to the Wheaton police on the day of the fire should be excluded as inadmissible hearsay. (Pl.'s Mot. Limine No. 4 at 1.) Whirlpool believes Ms. Stuckey's statement is admissible under the hearsay exception for excited utterances, or, alternatively, as a non-hearsay statement admitted to provide context for Plyler's future actions. (Def.'s Resp. Mot. Limine No. 4 at 2-3.)

The motion in limine based on the hearsay objection is denied at this time without prejudice to any objection Plyler may make at trial. Whether an exception to the hearsay rule applies to allow

8

the admissibility of Ms. Stuckey's statement, and if so, which exception, depends on the evidentiary context in which the statement is presented at trial. It is not clear at this time whether Ms. Stuckey or the relevant police officers will testify at the trial. Plyler says that neither side plans to call Ms. Stuckey as a witness, but Whirlpool says that Ms. Stuckey is listed a witness for trial. (Pl.'s Mot. Limine No. 4 at 1; Def.'s Resp. Mot. Limine No. 4 at 1.) Whirlpool also says that Plyler has indicated that he intends to call fire and police investigators as witnesses at trial. (Def.'s Resp. Mot. Limine No. 4 at 2.) The excited utterance exception suggested by Whirlpool applies to statements relating to a startling event or condition, made while the speaker was under the stress of the excitement caused by that condition. Fed. R. Evid. 803(2). The foundation for that exception must be laid by evidence at trial. The court cannot now conclude that there are no circumstances under which the statement could be admitted and, therefore, Motion in Limine No. 4 is denied. This is without prejudice to a hearsay objection at trial if appropriate.

E.    Motion in Limine to Exclude Evidence that Plaintiff Had Warning That Microwave Was Subject to Recall (Motion in Limine No. 5)

In Motion in Limine No. 5, Plyler argues that Whirlpool should not be able to introduce evidence that Plyler had warning between 1999 and 2006 that his microwave was one that had been recalled. [Dkt 112.] According to Plyler, "[t]here has been no evidence developed that the Defendant or any other company attempted to determine that the Plaintiff had purchased one of the microwaves that was subject to a recall" and to allow this evidence would permit the jury to consider irrelevant evidence and get involved in unwarranted speculation. (*Id*. at 1.)

It is not clear whether Plyler is suggesting that there is no evidence that the subject

microwave had been recalled (although Whirlpool is suggesting it was), or that he disputing that Whirlpool tried hard enough to reach him. Likewise, it is not clear precisely what evidence he seeks to have excluded, or the basis for the exclusion. Accordingly, the motion must be denied, without prejudice to any objection that may be made at trial to any particular line or piece of evidence.

F.    Motion in Limine to Exclude Evidence that Plaintiff Misused or Improperly Maintained the Microwave (Motion in Limine No. 6)

Plyler argues that there has been no evidence developed that shows that he caused (or contributed to the cause of) the fire by misusing or improperly maintaining the microwave. [Dkt 113.] Plyler states that, in fact, he testified in his deposition that he did not recall any smoke or melting when using the microwave. Thus, he asks the court to find that any evidence of microwave misuse is highly speculative, is not supported by the case record, and should be excluded. (*Id*. at 1.)

Although Whirlpool's response brief does not refer to any specific evidence, Whirlpool apparently believes that evidence of Plyler's misuse or improper maintenance of the microwave has has been developed because it argues that such evidence is relevant to the issue of plaintiff's comparative fault. (Def.'s Resp. Mot. Limine No. 6 at 1.) [Dkt 126.] Whirlpool raised various defenses based on Plyler's comparative fault in its Answer, (*see* Answer, Defenses ¶¶ 3-5), and it seeks to present evidence concerning these legal defenses (Def.'s Resp. Mot. Limine No. 6 at 1).

Under Illinois law for both negligence and strict products liability, an injured party is barred from recovery if the trier of fact finds that his conduct was more than 50% of the proximate cause of the injury for which recovery is sought. *Malen v. MTC Products, Inc.*, 628 F.3d 296, 313 (7th Cir.

10

2010); *see also Merca v. Rhodes*, No.10 C 2234, 2011 WL 4580525 at \*10 (Ill. App. 1st Dist. Sept. 30, 2011); *Sobczak v. Gen. Motors Corp.*, 871 N.E.2d 82, 98 (Ill. App. 1st Dist. 2007). Additionally, even if a plaintiff is not found to be more than 50% responsible for his injuries, any responsibility he bears for the injuries will be considered as a damage-reducing factor in the final recovery determination. *Malen*, 628 F.3d at 313. In sum, "Illinois makes the victim's negligence a partial defense under the rubric of 'comparative fault,' which merely reduces the damages awarded the plaintiff unless the plaintiff's negligence exceeds the defendant's, in which event the plaintiff's negligence is a complete defense." *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865 (7th Cir. 2010).

Whirlpool is thus entitled to present admissible evidence that it may have on Plyler's comparative fault regarding the injuries he sustained during the fire. Accordingly, Motion in Limine No. 6 is denied, without prejudice to any objection that may be made at trial to any particular line or piece of evidence.

G.    Motion in Limine to Exclude Evidence that Plaintiff Breached Contractual Duty
      (Motion in Limine No. 7)

In Motion in Limine No. 7, Plyler asks the court to exclude any evidence that Plyler breached a contractual or legal duty to register the microwave after it was purchased. [Dkt 114.] Plyler argues that there has been no evidence developed that he had an affirmative obligation to register or enroll his microwave, and therefore, allowing such evidence at trial "would serve only to sidetrack the jury." (*Id.* at 1.) For its part, Whirlpool indicates that it does not intend to claim that Plyler breached a contract. (Def.'s Resp. Mot. Limine No. 7 at 1.) [Dkt 125.] However, Whirlpool believes that it

11

is entitled to offer evidence that Plyler failed to register the microwave as an explanation as to why Plyler may not have received notice of the microwave recall.  (*Id*.)

In Plyler's complaint, he alleges in part that Whirlpool "breached its duty when it failed to properly notify Plaintiff, recall and remove the defective microwave from Plaintiff's home."  (Am. Compl., Count I ¶ 6.)  Whirlpool has denied that allegation (Answer, Count I ¶ 6), and may not be precluded from offering admissible evidence that it took sufficient steps to notify Plyler of the recall and/or that any lack of notification resulted wholly or partially from Plyler's own actions.  Therefore, evidence concerning why Plyler may not have received notice of a product recall is relevant and not unduly prejudicial so as to "sidetrack the jury" as Plyler fears.  Neither party has presented any specific evidence for consideration by the court, but if, as claimed by Whirlpool, the microwave came with a registration card asking customers to register in order to ensure notice of product recalls, such evidence is relevant to assessing whether Whirlpool breached a duty of notice owed to Plyler as he alleges.

Motion in Limine No. 7 is thus granted in part and denied in part.  Whirlpool may not argue that Plyler breached a contract or legal duty in failing to register the microwave, but may offer admissible evidence that Plyler did not register the product as part of its theory as to why Plyler did not receive notices of a recall.  This ruling is made without prejudice to any objection that may be made at trial to any particular line or piece of evidence.

H.    Motion in Limine to Exclude Doctor's Notes Concerning Plaintiff's Alcohol Use
       (Motion in Limine No. 8)

Plyler next seeks to exclude evidence that, after examining Plyler subsequent to the fire, physicians noted in their chart that "the risk factor is alcohol." [Dkt 115.] Plyler argues that there has been no testimony that Plyler was in fact intoxicated at the time of the fire, and that the admission of this evidence constitutes an improper medical opinion, which would be unfairly prejudicial, would inflame the jury, and could lead the jury to conclude that Plyler has an alcohol problem. (*Id.* at 1.) Whirlpool counters that Plyler has put his medical records and mental conditions at issue by seeking damages for alleged emotional injuries including post-traumatic stress disorder. (Def.'s Resp. Mot. Limine No. 8 at 1.) [Dkt 122.] Therefore, Whirlpool argues it is entitled to present evidence to the jury, including Plyler's possible alcohol use, indicating that the source of Plyler's alleged mental problems may be unrelated to the fire. (*Id.*)

In certain cases, evidence of alcohol and substance use has been excluded where "any probative value of that substance abuse evidence was [found to be] substantially outweighed by the danger of unfair prejudice." *Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994). However, Plyler, as the movant, bears the burden of showing that the evidence he seeks to exclude is "clearly inadmissible," and he has failed to do so. *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Plyler's short motion fails to attach a copy of the report that he asks the court to exclude, and also fails to provide any meaningful context for the report's contents. Based on the sparse information contained in Plyler's motion, the court simply cannot say that the physician notes that Plyler seeks to exclude are "clearly inadmissible."

Motion in Limine No. 8 is therefore denied. This ruling is made without prejudice to any

13

objection that may be made at trial to any particular line or piece of evidence.

I.    Motion in Limine to Exclude Evidence that Plaintiff was Covered by an Insurance Policy
      (Motion in Limine No. 9)

In Motion in Limine No. 9, Plyler asks the court to exclude evidence that he was covered by

an insurance policy at the time of the fire.  [Dkt 116.]  Plyler maintains that the admission of such

evidence would constitute a violation of the collateral source rule contrary to Illinois state policy.

(*Id*. at 1.)  Whirlpool did not file an opposition brief in response to Motion in Limine No. 9 but has

informed Plyler that it does not intend to "introduce or argue collateral source evidence."  (*Id*.)

Payments received by an injured party from a source that is independent of, and collateral to,

the defendant tortfeasor will not diminish the damages otherwise recoverable from the tortfeasor.

*ADM Investor Servs., Inc. v. Collins*, 515 F.3d 753, 755 (7th Cir. 2008); *Wills v. Foster*, 892 N.E.2d

1018, 1022-23 (Ill. 2008).[5]  While the collateral source rule likely would bar the introduction of

evidence concerning Plyler's homeowner or medical insurance policy recovery (*see Wills*, 892

N.E.2d at1022-23), because Whirlpool has indicated that it does not intend to offer such evidence,

there is no actual controversy for the court to resolve at this time.  Motion in Limine No. 9 is denied

as moot.

---

[5]  A federal court sitting in diversity must apply the collateral source rule of the state whose
law governs the case.  *In re Air Crash Disaster Near Chicago, Ill.*, 803 F.2d 304, 308 (7th Cir.
1986).

14

## CONCLUSION

For the foregoing reasons, plaintiff Plyler's Motions in Limine Nos. 2 and 9 are denied as moot, Motions in Limine Nos. 1, 3, 4, 5, 6 an 8 are denied as stated above, and Motion in Limine No. 7 is granted in part and denied in part.  At trial, if any party believes evidence is being introduced in violation of these rulings, the party must object at that time.


**IT IS SO ORDERED.**


_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**


**DATED: February 13, 2012**

15