# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6637 | **DATE** | 6/5/2012 |
| **CASE TITLE** | Plyler vs. Whirlpool Corporation | | |

**DOCKET ENTRY TEXT**

Defendant has submitted a bill of costs and an amended bill of costs with an attached "description" of items contained therein [159, 168]. For the reasons stated below, defendant's attached description does not provide the court with sufficient information to determine whether the requested costs were reasonable and necessary. Defendant may provide the court with additional information in support of its bill of costs by 6/19/12. If defendant does so, plaintiff is given to 7/3/12 to supplement his objections to the bill of costs.

■[ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should recover costs other than attorneys' fees. Pursuant to 28 U.S.C. § 1920, recoverable costs are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters.

Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). However, this presumption does not relieve the prevailing party from establishing that potentially recoverable costs it incurred were reasonable and necessary. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006). As plaintiff points out, without this information he cannot decide whether and how to dispute the claimed costs. (Pl.'s Object.) [161.] Moreover, it leaves the court unable to determine whether the costs are properly taxed against plaintiff.

Defendant Whirlpool Corporation has not submitted enough information for the court to determine whether its costs were reasonable and necessary. The following claimed costs lack sufficient support:

(1)  Whirlpool claims $3,060.44 in court reporting costs, but submitted no invoices, receipts or other supporting documentation to indicate what copy rate it paid and how many copies were ordered of each deposition and trial transcript. Pursuant to Northern District of Illinois Local Rule 54.1(b), the copy rate "shall not exceed the regular copy rate as established by the Judicial Conference of the

| STATEMENT |
|---|

United States and in effect at the time the transcript or deposition was filed." The rule further provides that except as otherwise ordered by the court, only costs for the original copy of each transcript and deposition, one each as needed by counsel, and one copy of a deposition for the court are allowed. N.D. Ill. Loc. R. 54.1(b). From Whirlpool's presentation, the court is unable to determine whether the copy rate Whirlpool paid exceeded that established by the Judicial Conference or whether Whirlpool's bill is for a permissible number of copies.

(2) Whirlpool claims a total of $3,974.34 in costs for exemplification of records and copies of papers. Whirlpool presented a breakdown of categories for these costs, including Ivize Atlanta (with no identification of what that is), certain legal and medical records (with no explanation of what records were copied), and internal photocopying in the law firm representing Whirlpool (with no indication of what was copied). Whirlpool did not provide information about the nature of the copies, how many copies were made, the number of pages copied, and the price per page. The court cannot make a determination about whether theses costs were reasonable and "necessarily obtained for use in the case" without more information. *See* 28 U.S.C. § 1920(4).

(3) Whirlpool claims $93.85 in fees for "Process Service and Witness Search," with amounts paid to two sources. Whirlpool has attached no invoices, receipts, or other documentation reflecting the breakdown of the fees paid and the hourly rate of the process server(s). Costs incurred for using a private process server are recoverable so long as they do not exceed fees charged by the United States Marshal Service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Marshal fees are $55.00 per hour plus travel costs and any other out-of-pocket expenses. 28 C.F.R.§ 0.114(a)(3). The court is unable to ascertain whether Whirlpool's costs were within these acceptable limits.

(4) Whirpool claims $375.36 in witness fees and mileage for its witness Larry Latack, broken down into mileage, parking tolls, and hotel costs. Whirlpool has not provided documentation to support these costs such that the court can determine whether they are allowable as provided in 28 U.S.C. § 1821.