# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6637 | **DATE** | 8/14/2012 |
| **CASE TITLE** | Plyler vs. Whirlpool Corporation | | |

**DOCKET ENTRY TEXT**

Defendant has submitted a supplement to its bill of costs [172] following the court's order on June 5, 2012 [171] that defendant did not provide sufficient support for its original bill of costs. For the reasons described further below, defendant's submission remains an inadequate basis for the court to determine whether the costs it incurred were reasonable and necessary. Defendant will be given one final opportunity to provide the court with more information and/or to withdraw the requests for which it lacks sufficient support by August 28, 2012. If defendant does so, plaintiff is given until September 11, 2012 to file supplemental objections. Any claimed costs lacking sufficient support will be denied.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

This court previously issued an extensive minute order describing the deficiencies in Whirlpool's original and amended bill of costs with particularity and allowing Whirlpool to supplement its bill of costs with additional information. (Order, Jun. 5, 2012.) [Dkt 171.] Whirlpool did so, and Plyler submitted objections that Whirlpool has still failed to provide sufficient support that its costs were reasonable and necessary. (Def.'s Suppl.) [dkt 172]; (Pl.'s Suppl. Object.) [dkt 175]. For the reasons set forth below, the court agrees.

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should recover costs other than attorneys' fees. Pursuant to 28 U.S.C. § 1920, recoverable costs are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters.

Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). However, this presumption does not relieve the prevailing party from establishing that potentially recoverable costs it incurred were reasonable and necessary. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006).

In its motion, Whirlpool presents three major categories that make up the bulk of its claimed $11,620.84 in costs: court reporting costs, exemplification of records and copies of papers, and airfare/hotel costs for trial counsel.

# STATEMENT

1. Attorney travel costs

As an initial matter, Whirlpool's claimed costs for counsel's airfare and hotel is a moot issue, as those costs are not recoverable under the statute. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir.1997); *Native American Arts, Inc. v. Indio Products, Inc.*, No. 06 C 4690, 2012 WL 729291 at *2 (N.D. Ill. Mar. 6, 2012). Only the enumerated costs under § 1920 may be taxed, and attorney travel costs are not among them. *Id.* Travel costs are potentially reimbursable as part of an award of attorneys' fees, but that question is not at issue here. *Calderon*, 112 F.3d at 276.

2. Court reporting costs

As to Whirlpool's claimed court reporting costs, this court's June 5 minute order stated:

> Whirlpool claims $3,060.44 in court reporting costs, but submitted no invoices, receipts or other supporting documentation to indicate what copy rate it paid and how many copies were ordered of each deposition and trial transcript. Pursuant to Northern District of Illinois Local Rule 54.1(b), the copy rate "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." The rule further provides that except as otherwise ordered by the court, only costs for the original copy of each transcript and deposition, one each as needed by counsel, and one copy of a deposition for the court are allowed. N.D. Ill. Loc. R. 54.1(b). From Whirlpool's presentation, the court is unable to determine whether the copy rate Whirlpool paid exceeded that established by the Judicial Conference or whether Whirlpool's bill is for a permissible number of copies.

In its supplemental bill of costs, Whirlpool submitted invoices for 7 transcripts for which it seeks reimbursement. (Defs.' Suppl., Exs. A-G.) Only 2 out of 7 of those invoices indicate how many pages were contained in the transcript ordered (Exs. D, F); the remainder simply list the total amount to be paid with no further breakdown of the charges. The court must be able to determine whether the copy rate paid exceeded that established by the Judicial Conference of the United States, which as of January 26, 2012 was $3.65 per page. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Aug. 8, 2012). Without any evidence of the rate paid per page, the court is unable to do so.

3. Copy costs

As to Whirlpool's claimed copy costs, this court's June 5 minute order stated:

> Whirlpool claims a total of $3,974.34 in costs for exemplification of records and copies of papers. Whirlpool presented a breakdown of categories for these costs, including Ivize Atlanta (with no identification of what that is), certain legal and medical records (with no explanation of what records were copied), and internal photocopying in the law firm representing Whirlpool (with no indication of what was copied). Whirlpool did not provide information about the nature of the copies, how many copies were made, the number of pages copied, and the price per page. The court cannot make a determination about whether theses costs were reasonable and "necessarily obtained for use in the case" without more information. *See* 28 U.S.C. § 1920(4).

| STATEMENT |
| --- |

In its supplemental bill of costs, Whirlpool submits invoices from Ivize Atlanta, an outside copying service, for color and black and white copies that it claims were for "document production in response to discovery requests." (Def.'s Suppl. at 5; Ex. H.) Color copies ranged from $1.15-1.25 per page, black and white copies $0.165 per page, and Bates labeling $0.065 per page, but Whirlpool provided no further description of what was copied. It also provided a document entitled "Expense Listing" that purportedly represents its law firm's internal photocopying costs for "service of pleadings, filings with the Court and document production in response to discovery requests." (Def.'s Suppl. at 6; Ex. O.) That breakdown does not indicate how many pages were copied for each entry, at what rate per page, or any further information about the nature of the documents copied.

The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained records," (*Northbrook Excess*, 924 F.2d at 643), and certainly enough information to allow the court to make a determination that the costs sought are, in fact, authorized by § 1920 (*Telular*, 2006 WL 1722375 at *4). "The court cannot award copying costs without some confidence that the costs are properly recoverable." *Id.* (internal citation omitted). Defendant's conclusory statement that it spent $3,331.84 in outside copying costs for "document production in response to discovery requests," with no further information about what was copied, does not give the court any confidence that they were necessarily incurred in the course of litigation. *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.,* No. 02 C 3767, -- F.Supp.2d --, 2012 WL 2741044 at *5 (N.D. Ill. Jul. 5, 2012). Moreover, with no further information about what internal copies were made at the law firm and at what price per page, the court similarly lacks a basis to determine whether those costs were reasonable and necessary.

With this order, the court is allowing Whirlpool one *final* opportunity to supply the missing, necessary information. Any costs not sufficiently supported will be denied.