UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN PLYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 6637 |
| v. ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| WHIRLPOOL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Allen Plyler ("Plyler") filed this suit against defendant Whirlpool Corporation ("Whirlpool") alleging counts of negligence and strict products liability. [Dkt 25.] The case was tried before a jury on March 12-14, 2012, and on March 15, 2012, the jury returned a verdict for Whirlpool on both counts. [Dkt 148-50, 155, 156.] Plyler timely filed a motion for a new trial, which was denied. [Dkt 157, 173.] As the prevailing party, Whirlpool now seeks costs under 28 U.S.C. § 1920 totaling $7,141.13. (Def.'s Am. Suppl.) [Dkt 187.] Plyler objects to Whirlpool's petition for costs in its entirety. [Dkt 161, 175, 191.] For the reasons stated below, Whirlpool is entitled to an award of costs in the amount of $5,673.09.

## BACKGROUND

This is the third time that the court has examined Whirlpool's bill of costs. Whirlpool's original petition and amendment requested $11,383.19 in costs. [Dkt 159, 168.] After an initial review of Whirlpool's petition and amendment, the court determined that Whirlpool had not

1

provided sufficient information for the court to assess whether the requested costs were reasonable and necessary. (Order, June 5, 2012.) [Dkt 171.] The court issued a detailed minute order describing the deficiencies in Whirlpool's submission and allowing Whirlpool to supplement its bill of costs. (*Id.*) Whirlpool did so and revised its request to $11,709.12. [Dkt 172.] Plyler submitted supplemental objections to the supplemental bill, again objecting to Whirlpool's petition in its entirety on the basis that Whirlpool had failed to provide sufficient support that its costs were reasonable and necessary. [Dkt 175.]

The court found Whirlpool's supplemental petition to be deficient and issued another minute order detailing the shortcomings. (Order, Aug. 14, 2012.) [Dkt 183.] Whirlpool was given one last chance to submit a more detailed bill of costs and Plyler was given time to respond. (*Id.*) Whirlpool was warned that "[a]ny costs not sufficiently supported will be denied." (*Id.* at 3.) Whirlpool submitted an amended supplemental bill of costs requesting $7,141.13[1] (Def.'s Am. Suppl. at 1), and Plyler again objected to the entire bill of costs in his further, supplemental objections. (Pl.'s Further Suppl. Obj.) [Dkt 191.]

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should recover costs other than attorneys' fees. Pursuant to 28 U.S.C. § 1920, recoverable costs are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where

---

[1] In its amended supplemental bill of costs, Whirlpool dropped its requests for travel costs for Mr. Latack and Whirlpool's attorneys thus accounting for the lower total amount.

2

necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters.[2]

Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). However, this presumption does not relieve the prevailing party from establishing that potentially recoverable costs it incurred were reasonable and necessary. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006).

Whirlpool's submission breaks down its costs into three categories: "Court Reporting Costs;" "Exemplification of Records and Copies of Papers," and "Process Service and Witness Search." (Def.'s Am. Suppl. at 4-9.) Whirlpool asks for $2,926.64, $3,864.88, and $349.61 in each category

---

[2] As an initial matter, Plyler objects that Whirlpool provided no affidavit supporting its costs. (Pl.'s Further Suppl. Obj. at 1-2.) Before costs can be taxed under 28 U.S.C. § 1920, a party must submit an affidavit attesting that the items on the bill of costs are "correct and ha[ve] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. On its first bill of costs, Whirlpool submitted a form approved by the Administrative of Office of the United States, AO 133, which contains a "Declaration" electronically signed by Whirlpool's attorney under penalty of perjury that is substantially the statutory language of 28 U.S.C. § 1924. (Def.'s Bill of Costs at 1.) Plyler argues that the declaration is insufficient as it "merely repeats, in a pre-typed format, the formulaic language" of the statute. (Pl.'s Further Suppl. Obj. at 2.) But that it is the whole point of the form: to assist litigants in meeting the formal statutory requirements. Thus, in agreement with other courts that have looked at AO 133, this court concludes that Whirlpool's "Declaration" meets the requirements for an affidavit under 28 U.S.C. § 1924. *See, e.g., Joza v. WW JFK, LLC*, No. 07-CV-4153, 2009 WL 3297793 at *1 (E.D.N.Y. Oct. 13, 2009).

respectively, and has provided invoices and other billing records in support of its request.[3] (*Id.)* Each of these categories and Plyler's respective objections are addressed in turn below.

## I. Court Reporting Costs

Whirlpool seeks $2,926.64 for the transcription costs of six depositions and the trial testimony of Mr. Latack. (*Id*. at 4.) These costs are taxable under 28 U.S.C. § 1920(2). To recover these costs, the transcripts must be "necessarily obtained for use in the case." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (quoting 28 U.S.C. § 1920(2)). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Id.* (internal quotation omitted). Here, the necessity of the transcripts is not at issue as all of the deposed witnesses testified at trial and the trial transcript was an exhibit in Whirlpool's response to Plyler's post-trial motion. (Def.'s Resp., Ex. A.) [Dkt 163.]

Further, in order to recover the costs of the transcripts, Whirlpool must provide adequate documentation to show that the amount requested does not exceed the copy rate as established by the Judicial Conference of the United States. *See* N.D. Ill. Loc. R. 54.1(b). The applicable copy rates for transcripts for all of Whirlpool's requests are $3.65 per page for originals and $0.90 per page for the first copy. *See* N.D. Ill. Gen. Order 07-0024, Oct. 29, 2007, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/07024.pdf (last

---

[3] In its submission, Whirlpool lists a charge for $253.76 to Western Attorney Services for "Process Server–Kathleen Stuckey and Catherine Zhang" under the category of "Exemplification of Records and Copies of Papers." (Def.'s Am. Suppl. at 6.) Presumably, that charge should be included instead under "Process Service and Witness Search." The requested totals reflect this change.

visited Nov. 14, 2012; Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Nov. 14, 2012). Additional items such as disks, word indexes, extra copies, or delivery charges are regarded either as a convenience or an ordinary business expense for the lawyer and are not generally compensable. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980-81 (N.D. Ill. 2003). Minuscript costs are taxable if their use is justifiable, such as when attached to a summary judgment motion or when provided to the court for use at trial. *See Gray v. Burke,* No. 05 C 0059, 2007 WL 3334201 at *3-4 (N.D. Ill. Nov. 9, 2007). Charges for exhibit copies are not taxed as costs absent an explanation of why copies were necessary. *See U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011).

    A.    Depositions of Plyler

Whirlpool seeks $1871.78 for the two depositions of Plyler. (Def.'s Am. Suppl., Ex. A, B.) The invoiced per page rates of $3.45 and $3.65[4] are within the allowable range set by the Judicial Conference and are awarded to Whirlpool. (*Id.*)

Whirlpool's invoices additionally indicate two charges for the attendance of the court reporters, $264 for 5.5 hours and $94.44 for a half day, that when combined with the transcript fees exceed the maximum per page rate. (*Id.*) Although Plyler does not object to these charges, courts

---

[4] The invoice for the second deposition indicates that Whirlpool received an original plus one copy of the transcript of 123 pages at $3.65 per page for a total charge of $447.84. (Def.'s Am. Suppl., Ex. B.) Because the total charge was below the maximum per page rate allowed for an original, it is not necessary to approximate the division of charges between the original and the copy.

in this district are split on whether to award these fees if the combined fees exceed the maximum allowable rate. *Compare Gutierrez v. P.A.L., Ltd.,* No. 10 C 4152, 2012 WL 2993896 at *2 (N.D. Ill. July 20, 2012) (denying court reporter attendance fees that when combined with transcript fees exceeded per page maximum), *with Dishman v. Cleary*, 279 F.R.D. 460, 467-68 (N.D. Ill. 2012) (awarding attendance fees that when combined with the transcript costs exceeded maximum rate). The Seventh Circuit, however, has held that court reporter attendance fees can be taxed, *see Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998), and has affirmed awards of attendance fees that exceeded the maximum per page rate. *See, e.g., Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 457 (7th Cir. 1998). Here, the requested attendance fees are reasonable and are awarded to Whirlpool. *Dishman*, 279 F.R.D. at 468 (stating that attendance fees $60.00 per hour and under are considered reasonable).

Plyler objects to charges for an ETV disk, archiving, shipping and handling and delivery. (Pl.'s Further Suppl. Obj. at 2-3.) Because Whirlpool has not provided an explanation of why those items should not be considered a "convenience for the lawyer," those costs, totaling $131.89, are denied. (Def.'s Am. Suppl., Ex. A, B.) For the same reason, the $5.56 exhibit fee is also denied. (*Id.*, Ex. B.) In total Whirlpool is awarded $1734.33 for the two depositions of Plyler.

B.      Depositions of Mr. Latack, Dr. Baker, Ms. Campbell, and Mr. Mortensen

Whirlpool seeks a total of $876.01 for transcripts of the depositions of Mr. Latack, Dr. Baker, Ms. Campbell, and Mr. Mortensen which were taken by Plyler's attorney. (*See* Def.'s Am. Suppl., Ex. C - F.) Plyler objects to the per page cost of these transcripts (Pl.'s Further Suppl. Obj. at 3-5),

which were respectively $2.50, $2.70, $2.40, and $2.80. (*See* Def.'s Am. Suppl., Ex. C - F.) Per the Judicial Conference, the maximum per page rate for the first copy of a transcript is $0.90. *See* N.D. Ill. Gen. Order 07-0024; *Hwy. Commercial Servs., Inc., v. Midwest Trailer Repair, Inc.*, No. 08 CV 3445, 2011 WL 3159128 at *4 (N.D. Ill. July 26, 2011). Thus, Whirlpool is awarded $197.10 for 219 transcript pages.

As for the other fees listed on the invoices - exhibits, condensed exhibits, litigation support disk, summary, read and sign correspondence, MINI, ASCII, certification fee-copy, condensed transcript, and various delivery charges - Whirlpool has not provided any explanation as to why any of these costs are necessary and not merely for the convenience of the attorneys. Hence, these costs are denied.

      C.      Trial Testimony of Mr. Latack

Whirlpool requests $178.85 for an expedited transcript (49 pages) of Mr. Latack's trial testimony that it used in its response to Plyler's new trial motion. (Def.'s Am. Suppl. at 4, Ex. G.) The court reporter charged Whirlpool an expedited rate of $4.85 per page, but Whirlpool has capped its request to the maximum ordinary transcript rate of $3.65 per page. *Id.* at 2. Accordingly, Whirlpool is awarded its requested amount of $178.85.

In total, for its "Court Reporting Costs," Whirlpool is awarded $2110.28.

**II.    Exemplification of Records and Copying of Papers**

Copying costs are taxable but must be reasonable and "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4). The prevailing party is "not required to submit a bill of costs

containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained records," *id.*, and sufficient information to allow the court to make a determination that the costs sought are, in fact, authorized by 28 U.S.C. § 1920, *Telular*, 2006 WL 1722375 at *4. A party should identify the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost." *Williams v. Z.D. Masonry, Corp.*, No. 07 C 6207, 2009 WL 383614 at *6 (N.D. Ill. Feb. 17, 2009).

    A.    Outside Copying

        1.    Ivize of Atlanta, LLC

Whirlpool submits three invoices from Ivize of Atlanta, LLC for copying of photographs and responses to Plyler's discovery requests. (Def.'s Am. Suppl., Ex. H.) The November 14, 2008 invoice shows charges for 259 color copies at $1.25 totaling $349.65 (including 8% sales tax). Whirlpool describes the documents as three sets of copies of the "first set of photos from [the] fire scene." (*Id.*) According to Whirlpool, one set is for the file and the other two sets are for Whirlpool's co-defendants. (*Id.*) Plyler objects to this description as "too vague and ambiguous" to support an award. (Pl.'s Further Suppl. Obj. at 6.) Photographs of the fire were featured prominently at trial, and the description, while somewhat cursory, is not so vague as to overcome the presumption of recovery. Three sets of copies is a reasonable number, as Whirlpool needed to serve Plyler and the two other defendants in the case. Thus, Whirlpool is awarded $349.65, the cost of three sets of copies at the reasonable rate of $1.25 per color copy (plus tax). *See Top Tobacco,*

*L.P. v. North A. Oper. Co., Inc.,* No. 06 C 950, 2007 WL 1149220 at *10 (N.D. Ill. Apr. 17, 2007) (taxing color copies at a rate of $1.41 per page).

The May 29, 2009 invoice totals $2685.19 (including 8% sales tax) and consists of 308 black and white copies at $0.165 per page, 2,084 color copies at $1.15 per page, and a $38.87 charge for Bates labeling of 598 documents. (Def.'s Am. Suppl., Ex. H.) Whirlpool describes these documents as discovery responses to Plyler's interrogatories and request for documents. (*Id.*) Additionally, Whirlpool states that there were three sets of copies made of "photos of product inspection and numerous additional photos of [the] fire scene." (*Id.*) Plyler objects to the descriptions of the documents as "vague" and to the number of color copies. (Pl.'s Further Suppl. Obj. at 5-6.) As with the first invoice, the descriptions and number of copies are acceptable, but the Bates labeling is for the convenience of the attorneys and is not taxed. *See U.S. Fidelity & Guar. Co.*, 803 F. Supp. 2d at 925; *Gallagher v. Gallagher,* No. 07 CV 4196, 2010 WL 2610192 at *3 (N.D. Ill. June 24, 2010). Thus, for the second invoice, Whirlpool is awarded $2,643.02.[5]

Plyler does not object to the June 15, 2009 invoice charging $297.00 for three sets of color copies at $1.25 per page for documents "from [the] Wheaton Fire Dept. and Wheaton Building Dept. for inclusion with discovery responses." The full amount, $297.00, is awarded, bringing the total taxable amount for the three Ivise invoices to $3,289.67.

---

[5] This amount reflects the total amount of the invoice, $2,685, less the amount for Bates labeling and its portion of the 8% sales tax, $41.98.

  2. Other Outside Copying

Whirlpool requests $189.34 for obtaining and copying records from the Wheaton Police Department and the Wheaton Building Department, and from various third parties that supplied Plyler's medical records. (Def.'s Am. Suppl. at 6 and Ex. I, J, K, M, N). Plyler does not specifically object to these costs, and they are awarded to Whirlpool. *See Wells v. Johnson,* No. 06 C 6284, 2012 WL 3245955 at *3 (N.D. Ill. Aug. 6, 2012) (citing *Perry v. Chicago,* No. 08 C 4730, 2011 WL 612342 at *5-6 (N.D. Ill. Feb. 15, 2011)) (awarding costs for record retrieval).

  B. Internal Copying

For internal copying, Whirlpool requests $343.70 at $0.10 per page for black and white copies and $0.65 per page for color copies. To support its request, Whirlpool has provided a table listing 14 copying entries to be taxed (Def.'s Am. Suppl. at 6-10) and has attached monthly print-outs that contain a list of costs for copying broken out by "Client-Matter" identification numbers (*id.,* Ex. O). Plyler objects that these listings are "wholly incomprehensible." (Pl.'s Further Suppl. Obj. at 6.) While the print-outs are not a model of readability, Whirlpool has highlighted the charges that match the identification number associated with this case, as evidenced by the other invoices attached to the bill of costs. (Def.'s Am. Suppl., Ex. O.) On each page, Whirlpool has put a short description the document copied. (*Id.*) Many of the descriptions, however, contain listings for multiple documents and do not indicate how many copies of each document were made. As result, the court is unable to determine whether excess copies were produced and thus cannot assess the necessity of the charge. *See Vigortone Ag. Prods., Inc. v. PM Ag. Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882 at *8 (N.D. Ill. Aug. 12, 2004) (stating courts "should deny photocopying costs where

the prevailing party fails to addresss . . . whether multiple copies were made"); *Baxter Intl., Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668 at *2 (N.D. Ill. Mar. 3, 1998) ("[C]ourts have denied claims for costs where the per page cost and number of copies is inadequately identified."). Thus, entries 4, 6-12 and 13 are denied. (Def.'s Am. Suppl. at 7-9.) Although lacking information regarding the number of sets copied, entries 5 and 14 for copies of several motions are granted. Because those motions have been filed on the docket, the court is able to determine that the number of copies requested for those motions is less than the maximum number of pages that Whirlpool would be allowed to receive. Lastly, Whirlpool is awarded its requests for entries 1, 2, and 3 for three sets of various discovery documents - Whirlpool's first set of interrogatories and production of documents, Plyler's medical records from Dupage Medical Group, and Plyler's Medical Records from Unity Hospital. (*Id.* at 6-7.) Accordingly, Whirlpool is awarded $83.80 for its internal copying charges.

In sum, for its total outside and internal copying costs, Whirlpool is awarded $3,562.81.

**III.    Process Server and Witness Fees**

Whirlpool asks for $253.76 in process server fees and $95.85 in witness search and mileage fees for two witnesses, Catherine Zhang and Kathleen Stuckey (Def.'s Am. Suppl., Ex. L, P, Q.) Costs incurred for using a private process server are recoverable under 28 U.S.C. § 1920(1) so long as they do not exceed fees charged by the United States Marshal Service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Witness fees are recoverable under 28 U.S.C. § 1920(3).

Plyler objects to these fees on the grounds that neither witness sat for her deposition. (Pl.'s Further Suppl. Obj. at 7.) Whirlpool has not presented any evidence that either deposition was taken,

11

and neither of the witnesses testified at trial.[6]  There is precedent to award for costs for subpoenaed witnesses who did not sit for deposition.  *See, e.g., Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994).  Whirlpool has not, however, provided any justification for why these costs were necessary for the case when neither witness was deposed nor testified at trial.  These costs, therefore, are denied.  *See Elusta v. City of Chicago*, 760 F. Supp. 2d 792, 803 (N.D. Ill. 2010) ("If [a] witness was never deposed, the costs were not necessary.").

## CONCLUSION

For the reasons stated above, Whirlpool is entitled to a total award of $5,673.09.  The Clerk of the court is directed to tax costs in the amount of $5,673.09 in favor of the defendant and against the plaintiff.

**IT IS SO ORDERED.**

                                                                               */s/ Geraldine Soat Brown*
                                                       **Geraldine Soat Brown**
                                                       **United States Magistrate Judge**

**Date:  November 19, 2012**

---

[6] Ms. Stuckey appeared on Plyler's Rule 26(a)(2)(C) disclosure statement as a potential trial witness [dkt 81], and her potential testimony was the subject of two of Plyler's motions in limine [dkt 109, 111], but both parties had indicated that they did not intend to call Ms. Stuckey at trial.  (Mem. Op and Order, Feb. 13, 2012 at 4.) [Dkt 129].